UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON MEYER, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>FAKHOURY GLOBAL IMMIGRATION USA PC, et al.,<br><br>　　　　　　　　Defendants. | Case No.: 3:21-cv-308-L-DEB<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE (DOC. NO. 16)** |

On April 28, 2021, the Court issued an Order to Show Cause as to why it should not transfer this case given there was no apparent connection to the Southern District of California. (Doc. No. 16). Plaintiffs do not reside in this District. (*See* Doc. No. 1-2, Complaint at ¶¶ 1-2). Defendant Fakhoury Global Immigration USA PC ("FGI") is a Michigan professional corporation. (*Id*. at ¶ 3). Defendant Rami Fakhoury ("Fakhoury") is likewise a Michigan resident. (*Id*. at ¶ 4). The claims also relate to opening and operating a law office in San Francisco, California. (*Id*. at ¶¶ 8-12).

The parties briefed the issue. (Doc. Nos. 23, 25, and 30). The Court decides the matter on the papers submitted without oral argument. *See* Civ. L. R. 7.1. For the reasons stated below, the Court discharges the Order to Show Cause. The Court also declines to transfer this case.

Defendants removed this case from San Diego Superior Court. (*See* Doc. No. 1). Venue is thus proper. *See* 28 U.S.C. §§ 1441(a) and 1390(c); *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953) ("the proper venue of a removed action is the district court . . . where such action is pending.") (internal quotation marks and citation omitted).

The Court can nevertheless transfer this case: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).[1]

It is undisputed Plaintiffs could have filed this case in either the Northern District of California or Eastern District of Michigan. (Doc. Nos. 1, 23, 25, and 30); 28 U.S.C. §§ 1391 and 1332. The issue is therefore whether transfer is appropriate. To determine that, courts consider:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). No single factor is dispositive. *Id*. The Court also has significant discretion over the matter. *Id*.

The parties did not provide the Court with information on whether the Northern District of California is more convenient. (*See* Doc. Nos. 23, 25, and 30). Plaintiffs also argue against any transfer. (Doc. No. 25). Defendants request a transfer to the Eastern District of Michigan. (Doc. No. 23). The Court will therefore focus its analysis on whether a transfer to that district is appropriate.

---

[1] Because venue is proper, 28 U.S.C. section 1406(a) is not applicable.

*First Factor*: This factor weighs in favor of transfer because the agreements at issue were negotiated and executed outside this District, including the Eastern District of Michigan.

*Second Factor*: This factor weighs against transfer because the Court is more familiar with California law.[2]

*Third Factor*: This factor weighs slightly against transfer. In general, a plaintiff's choice of forum is given substantial weight. But Plaintiffs do not reside in this District. There is also "no significant connection between [this District] and the facts alleged in the [Complaint]." *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007); *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("if the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter," the plaintiff's choice "is entitled to only minimal consideration."); (Doc. No. 25 at 2). Nevertheless, state law authorized Plaintiffs to file in San Diego Superior Court. *See* Cal. Code Civ. P. § 395(a) ("if none of the defendants reside in the state . . . the action may be tried in the superior court in any county that the plaintiff may designate in his or her complaint.") Plaintiff Brandon Meyer also operates a law office in this District. Plaintiffs' choice therefore carries some weight.

*Fourth Factor*: This factor is neutral. Plaintiff Brandon Meyer has some contact with the forum. (*See* Doc. No. 25-1). He also met with potential clients – during the time at issue – in this District. *Id*. But he traveled to Michigan prior to accepting the employment agreement. The main office for Defendants is also in Michigan.

*Fifth Factor*: This factor is neutral. Again, Plaintiff Brandon Meyer met with potential clients here (the chosen forum). He also performed work here and received compensation under the agreement at issue.

---

[2] Although the Court has no doubt the Eastern District of Michigan could apply California law, the case law prefers forums that are more familiar with the law at issue.

*Sixth Factor*: This factor is neutral. The parties did not provide specific information as to the cost of litigation in each forum. The parties will incur expenses in either district, including required travel.

*Seventh Factor*: This factor weighs against transfer. Defendants did not provide information on witnesses that would be unwilling to participate in the proceedings here. (*See* Doc. Nos. 23 and 30). And most witnesses are Defendants' employees. (*See* Doc. No. 30-1).

*Eighth Factor*: This factor is neutral. There are relevant documents in Michigan. But there is nothing to suggest the parties cannot exchange them electronically. And there are documents in this state. (*See* Doc. No. 25-1 at 4).

Defendants argue it would be inconvenient for their employees to travel for trial.[3] Plaintiffs, however, would likewise need to travel to Michigan for trial. Defendants also reference non-party witnesses that purportedly reside in New York and Maryland. (Doc. No. 23 at 4). But they did not provide any other information for the Court to determine the inconvenience – if any – that would be imposed on them if the case were to remain in this District. *Id*. This factor is overall more neutral. *Van Dusen v. Barrack*, 376 U.S. 612, 645-646 (1964) ("section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient."); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (transfer is inappropriate if it "would merely shift rather than eliminate the inconvenience" to the parties and their witnesses).

Defendants also argue there will be negative consequences to FGI's operations if the case proceeds in this District. (Doc. No. 30 at 2). But there is insufficient evidence to support that conclusion. FGI maintains client relations in over 100 countries. (Doc. No.

---

[3] Defendants failed to provide sufficient information on each witness. For instance, Defendants intend to call Mr. Fakhoury's administrative assistants as witnesses. Defendants, however, did not explain the information those witnesses will testify about (or its relevancy). (*See* Doc. No. 30).

4

30-1, Rami Fakhoury Declaration at ¶ 10). Mr. Fakhoury also coordinates work with his affiliate in India. *Id*. Defendants rely, in part, on the time zone difference between California and Michigan (3 hours). (*Id*. at ¶ 14). However, FGI advertises itself as a global law firm that can accommodate clients across multiple time zones. (Doc. No. 25-1 at 3). Defendants also sought to establish an office in California. (*See* Compl.)

Lastly, there is now a pending motion to dismiss in this case. The transfer might delay a ruling on it.

Overall, the Court finds it would be inappropriate to transfer this case to the Eastern District of Michigan. The Court therefore discharges the Order to Show Cause. This case will remain here.

**IT IS SO ORDERED**.

Dated: June 24, 2021

Hon. M. James Lorenz
United States District Judge